IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

GARY ZAMBITO,

                Plaintiff,

CIVIL CASE NO:

-against-

UNITED STATES OF AMERICA,

                Defendant.

## COMPLAINT:
### COUNT I

1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A §§ 2671 to 2680, and this court has jurisdiction under the provisions of 28 U.S.C.A. § 1346(b).

2. Plaintiff, GARY ZAMBITO, is, and at all times mentioned was, a citizen and resident of Nassau County, State of New York.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the substantial events giving rise to the within claim occurred in Nassau and Suffolk County.

4. Plaintiff filed a claim on or about June 29, 2017, which was sent certified mail, return receipt requested, to the Office of General Counsel, Department of Veterans Affairs, 800 Poly Place, Brooklyn, New York 11209.

5. The filing of plaintiff's clam was made more than six (6) months before this action was instituted. Defendant has failed to make a final disposition of the claim within that time. Plaintiff deems such failure to be a denial of the claim. A copy of plaintiff's claim is attached as Exhibit "A" and incorporated by this reference.

6. Defendant, the United States of America, through its employees and through the Veteran's Administration, a Federal Agency, at all times hereinafter mentioned, did, and now does, operate the Northport VA Medical Center, located at 79 Middleville Road, Northport, NY 11768.

7. That at all times hereinafter mentioned, the Northport VA Medical Center was an office and agent of the Defendant, UNITED STATES OF AMERICA.

8. Defendant, the United States of America, through its employees and through the Veteran's Administration, a Federal Agency, at all times herein after mentioned, did, and now does, operate the VA East Meadow Clinic, located at 2201 Hempstead Turnpike, East Meadow, NY 11554.

9. That at all times hereinafter mentioned, the VA East Meadow Clinic was an office and agent of the Defendant, UNITED STATES OF AMERICA.

10. Defendant, the United States of America, through its employees and through the Veteran's Administration, a Federal Agency, at all times hereinafter mentioned, did, and now does, operate the VA Valley Stream Clinic, located at 99 Central Avenue, Valley Stream, NY 11580.

11. That at all times hereinafter mentioned, the VA Valley Stream Clinic was an office and agent of the Defendant, UNITED STATES OF AMERICA.

12. Defendant, the United States of America, through its employees and through the Veteran's Administration, a Federal Agency, at all times hereinafter mentioned, did, and now does, operate the VA Bronx Clinic, located at 130 West Kingsbridge Road, Bronx, NY 10468.

13. That at all times hereinafter mentioned, the VA Bronx Clinic was an office and agent of the Defendant, the UNITED STATES OF AMERICA.

14. That in or about December 2015 through and including March of 2017, the plaintiff GARY ZAMBITO came under the care of Northport VA Medical Center, their agents, servants and/or employees, in its professional capacity as a hospital for medical aid and attention, relative to certain signs, symptoms, conditions and complaints, including supraventricular tachycardia and associated syncopal episodes.

15. That in or about December 2015 through and including March of 2017, the plaintiff GARY ZAMBITO came under the care of the VA East Meadow Clinic, its agents, servants and/or employees, in its professional capacity as a clinic for medical aid and attention, relative to certain signs, symptoms, conditions and complaints, including supraventricular tachycardia and associated syncopal episodes.

16. That on or about December 2015 through and including March of 2017, the plaintiff GARY ZAMBITO came under the care of the VA Valley Stream Clinic, its agents, servants and/or employees, in its professional capacity as a clinic for medical aid and attention, relative to certain signs, symptoms, conditions and complaints, including supraventricular tachycardia and associated syncopal episodes.

17. That on or about December 2015 through and including March of 2017, the plaintiff GARY ZAMBITO came under the care of the VA Bronx Clinic, its agents, servants and/or employees, in its professional capacity as a clinic for medical aid and attention, relative to certain signs, symptoms, conditions and complaints, including supraventricular tachycardia and associated syncopal episodes.

18. That the medical care and treatment which was rendered by the Defendant, its agents, servants and/or employees, was rendered in an improper, negligent and careless manner,

in that said Defendant, its agents, servants and/or employees failed, neglected and omitted to exercise, use and employ the skill, care and diligence commonly and ordinarily possessed by and required of physicians, nurse practitioners and hospitals; failed, neglected and omitted to carefully, properly, thoroughly and fully evaluate the signs, symptoms and conditions manifested in the plaintiff; failed to arrive at a differential diagnosis of the plaintiff's condition; failed to properly diagnose, treat and monitor the plaintiff's cardiac condition, including that of supraventricular tachycardia ("SVT"); caused and created the development and progression of serious and permanent complications and damages, including tightness in chest, dizziness, nausea, shortness of breath, syncopal episodes, loss of consciousness, falls and resulting injuries, by failing to properly diagnose and treat the plaintiff's SVT; carelessly and negligently determined that plaintiff's cardiac condition was not the cause of his syncopal episodes; failed to determine that the syncopal episodes were related to the plaintiff's cardiac condition, including that of SVT; caused and permitted the plaintiff's cardiac condition, including SVT, to be left untreated and thereby progress, worsen, and thereby cause additional damages and injuries; failed to adequately diagnose and treat plaintiff;  failed to properly assess the plaintiff's signs, symptoms, complaints and conditions of tightness in the chest, dizziness, nausea, shortness of breath, syncopal episodes, loss of consciousness, and falls; caused, permitted and/or allowed the plaintiff to sustain severe and permanent injuries; failed to perform the proper and indicated tests and procedures for the proper diagnosis and treatment of the plaintiff's condition; failed to properly interpret, evaluate and appreciate the significance of the tests and procedures performed, including the echocardiogram, Zio XT patch trial and stress test; failed to recommend, prescribe and/or administer the correct medication for the treatment of the plaintiff's cardiac condition; negligently recommended, prescribed and/or administered incorrect medications for the treatment

of the plaintiff's condition; that the said defendants were further careless and negligent in the premises in that the various medical practitioners refused to discuss test results and/or medical issues and complaints with the plaintiff and essentially dismissed the plaintiff from the cardiology department and any further cardiologic care; that the Defendant carelessly and negligently referred the plaintiff to various other departments and specialties, in an effort to rule out non-cardiologic causes of the plaintiff's syncopal episodes, thereby further delaying the diagnosis and treatment of the plaintiff's condition; that the Defendant carelessly and negligently denied and/or delayed permission for the plaintiff to obtain non VA care and treatment; in that the Defendant failed to provide the plaintiff with the proper and indicated care for the treatment of his cardiac condition and associated syncopal episodes; failed, neglected and omitted to take, use and employ reasonable and proper steps and procedures and practices for the health, welfare and safety of the plaintiff.  In addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

19. That by reason of the foregoing negligence and medical malpractice, the plaintiff was rendered injured, sick, sore, lame and disabled, by virtue of sustaining multiple falls as a result of the continued and untreated syncopal episodes, resulting in injuries, including to his right wrist and hand, head, face, left and right knees, left shoulder, right arm and shoulder, and neck; nerve damage and chronic pain syndrome; and was compelled to be hospitalized and treated for a long and unreasonable period of time, and was compelled to undergo medical, hospital and surgical care and treatment in an effort to cure himself of his injuries, and was further compelled to undergo pain and suffering.

20.   That by reason of the pain and suffering of the plaintiff, plaintiff has been damaged in the amount of FOUR ($4,000,000.00) MILLION DOLLARS and makes claim for said sum.

**WHEREFORE**, plaintiff demands judgment against the defendant UNITED STATES OF AMERICA on Count I in the sum of FOUR MILLION DOLLARS ($4,000,000.00), together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  Melville, NY
        June 20, 2018

                                                LAW OFFICES OF PETER D. BARON, PLLC
                                                Attorneys for Plaintiff

                                                _____*/s/Peter D. Baron*
                                                Peter D. Baron (PB8519)
                                                532 Broadhollow Road, Suite 114
                                                Melville, New York 11747
                                                631-367-7000

## CERTIFICATE OF MERIT

PETER D. BARON, an attorney admitted to practice law in the United States District Court for the Eastern of District New York, declares that I have reviewed the facts of the case and consulted with at least one physician who is licensed to practice medicine in this state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:  Melville, New York
        June 20, 2018

                                                        PETER D. BARON (PB 8519)