JHK:MMD
F. #2018V02053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

GARY ZAMBITO,

             Plaintiff

  - against -

UNITED STATES OF AMERICA,

             Defendant.

- - - - - - - - - - - - - - - - - -X

ANSWER

Docket No. CV-18-3612

(Feuerstein, J.)
(Tomlinson, M.J.)

        Defendant UNITED STATES OF AMERICA ("Defendant "), by its attorney RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, MARY M. DICKMAN, Assistant United States Attorney, of counsel, hereby answers the correspondingly numbered paragraphs of Plaintiff's Complaint upon information and belief, as follows:

        1.     The allegations set forth in Paragraph 1 constitute statements of jurisdiction, to which no response is required. To the extent a response is required, Defendant denies the allegations.

        2.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. The allegation set forth in Paragraph 3 is a statement of venue, to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. Defendant admits that Plaintiff submitted an administrative claim to the Department of Veterans Affairs on or about July 6, 2017; all other allegations set forth in Paragraph 4 are denied.

5. Defendant admits that the Plaintiff submitted his administrative claim to the Department of Veterans Affairs more than six (6) months before June 21, 2018, the date of which the Complaint was filed in the above-captioned action, and that the Department of Veterans Affairs had not issued a decision with respect to Plaintiff's claim prior to June 21, 2018. By letter dated July 6, 2018, the Department of Veterans Affairs denied Plaintiff's claim. The remaining allegations set forth in Paragraph 5 purport to state conclusions of law and jurisdictional prerequisites, to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. Defendant admits that the Northport VA Medical Center is operated by the Department of Veterans' Affairs, an agency of the United States; all other allegations set forth in Paragraph 6 are denied.

7. Defendant denies the allegations set forth in Paragraph 7 are denied.

8. Defendant admits that the VA East Meadow Clinic, located at 2201 Hempstead Turnpike, East Meadow, New York 11554, is operated by the Department of Veterans Affairs, an agency of the United States; all other allegations set forth in Paragraph 8 are denied.

9. Defendant denies the allegations set forth in Paragraph 9.

10. Defendant admits that the VA Valley Stream Clinic, located at 99 Central Avenue, Valley Stream, New York 11580, is operated by the Department of Veterans Affairs, an agency of the United States; all other allegations set forth in Paragraph 10 are denied.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant admits that the VA Bronx Clinic, located at 130 West Kingsbridge Road, Bronx, New York 10468, is operated by the Department of Veterans Affairs, an agency of the United States; all other allegations set forth in Paragraph 12 are denied.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant denies the allegations set forth in Paragraph 14.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18.

19. Defendant denies the allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. The allegations set forth in the "WHEREFORE" clause of the Complaint constitute Plaintiff's demand for relief, to which no response is required, and Plaintiff's demand for a jury trial, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in the "WHEREFORE" clause of the Complaint and denies that Plaintiff is entitled to a jury trial. See 28 U.S.C. § 2402.

22. Defendant denies each and every allegation in the Complaint to the extent not admitted or otherwise responded to herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed based upon his failure to exhaust his administrative remedies.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages specified in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant, through its employees and agents, acted with due care and diligence at all relevant times.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably at all times and breached no duty of care owed to Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The care and treatment accorded to Plaintiff met the applicable standard of care.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were sustained without any negligence or fault or want of care on the part of Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant cannot be liable for attorneys' fees except as in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2678.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

No acts or omissions by Defendant were the proximate cause of any injury to Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons or entities, their servants, agents, representatives or employees, none of whom are agencies or employees of Defendant for whom Defendant has any liability pursuant to the FTCA.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

In the event that Defendant is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom Defendant cannot be held liable, broke any causal connection between Defendant's negligence and the Plaintiff's alleged injury, cutting off the legal effect of Defendant's negligence.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to recover against Defendant by reason of the matters of negligence alleged in the Complaint, which Defendant denies, then Plaintiff was comparatively negligent, and any recovery by Plaintiff must be diminished in proportion to his negligence, in accordance with New York Civil Practice Law and Rules ("C.P.LR.") § 1411.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must be reduced, pursuant to New York C.P.L.R. § 4545 and any other applicable New York States law, by those amounts that have been, or will, with reasonable certainty, be reimbursed or indemnified to Plaintiff, in whole or in part, for any past or future economic loss arising from the incidents alleged in the Complaint, from any collateral source such as insurance, Social Security, Workers Compensation, veterans' benefits or employee benefit programs.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The liability of Defendant, if any, with respect to any claim by Plaintiff for non-economic loss, is subject to the limitations set forth in New York C.P.L.R. § 1600, et seq., to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any.

WHEREFORE, Defendant respectfully request that the Court dismiss the Plaintiff's Complaint, grant Defendant its costs and expenses for the defense of this action and grant Defendant any such other and further relief as this Court may deem just and proper.

Dated: Central Islip, New York
October 22, 2018

          RICHARD P. DONOGHUE
          United States Attorney
          Eastern District of New York
          Attorney for Defendant
          610 Federal Plaza
          Central Islip, New York 11722

By: /s/ MARY M. DICKMAN
     MARY M. DICKMAN
     Assistant United States Attorney
     (631) 715-7863

To: <u>Via ECF</u>

Peter D. Baron, Esq.
Law Offices of Peter D. Baron, PLLC
532 Broadhollow Road, Suite 114
Melville, New York 11747
    Attorney for Plaintiff