JHK:MMD
F. #2018V02053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| GARY ZAMBITO, | **STIPULATION AND ORDER** <br> **OF CONFIDENTIALITY** |
| Plaintiff | |
| - against - | Docket No. CV-18-3612 <br> (Feuerstein, J.) |
| UNITED STATES OF AMERICA, | (Tomlinson, M.J.) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

IT IS STIPULATED AND AGREED, by Plaintiff Gary Zambito ("Plaintiff" or "Zambito"), by his attorney, Peter D. Baron, Esq., and the United States of America ("Defendant" or "United States"), by its attorney, Richard P. Donoghue, United States Attorney, Eastern District of New York, Mary M. Dickman, Assistant United States Attorney, of counsel, as follows:

IT IS STIPULATED AND AGREED, by and between the parties as follows:

1. Upon approval of this Stipulation and Order of Confidentiality by the Court, the parties agree that the medical treatment records of the Plaintiff, including medical treatment records prior to and/or subsequent to December 2015, shall remain confidential.

2. The documents and information to be produced pursuant to section 1, as well as any other information that has been, or will be, produced regarding Plaintiff's medical treatment are hereinafter referred to as "Confidential Material," inasmuch such documents

and information refer or relate to Plaintiff's medical treatment and are confidential under The Health Insurance Portability Act of 1996, 42 U.S.C. §§ 1320d-1320d-8 ("HIPAA") and other applicable medical privileges.

3. "Confidential Material" shall be used solely for the purposes of this litigation and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

4. The parties shall designate "Confidential Material" by placing on material to be produced a "Confidential" notice or its equivalent. Any confidential designation which is inadvertently omitted prior or subsequent to the entry of this Stipulation and Order of Confidentiality will not constitute a waiver of confidentiality and may be corrected by written notification to the other party.

5. No copies of "Confidential Material" shall be made except to the extent necessary for the preparation of this action for trial.

6. "Confidential Material" shall be handled as follows:

    (a) information designated as "Confidential Material" shall not be disclosed to the public in any form by the parties or their counsel, nor disclosed to any other person, without either further order of the Court or stipulation by the parties; and

    (b) information designated as "Confidential Material" may be disclosed by the parties or their respective counsel only to the following persons: (1) the Court; (2) the parties' counsel of record, their employees, including legal assistants, paralegals and clerical and support staff; (3) court reporters who record depositions or other testimony in this case; and (4) witnesses qualified as experts and identified as such in good faith.

7	A copy of this Stipulation and Order of Confidentiality shall be delivered to each person to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

8.	All information subject to confidential treatment under the terms of this Stipulation and Order of Confidentiality that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed and kept under seal until further order of the Court. Where possible, only the confidential portions of documents filed with the Court shall be kept under seal.

9.	This Stipulation and Order of Confidentiality is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority, including HIPAA. This Stipulation and Order of Confidentiality shall not prejudice in any way the right of the parties to apply to the Court for a further protective order relating to any confidential information. Nothing in this Stipulation and Order of Confidentiality shall constitute a waiver or relinquishment of any right by any party to seek or to object to the production of any information and documents that are not the subject hereof.

10. The parties and signatories hereto agree to submit to the continuing jurisdiction of the Court to monitor and enforce performance of the terms hereof and to remedy and sanction violations hereof.

Dated: Melville, New York
      December 12, 2018

                                    THE LAW OFFICES OF PETER D. BARON
                                    Attorneys for Plaintiff
                                    532 Broadhollow Road, Suite 114
                                    Melville, New York 11747

                          By:    /s/ Peter D. Baron
                                    Peter D. Baron, Esq.
                                    (631) 367-7000


Dated: Central Islip, New York
      December 12, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    Eastern District of New York
                                    Attorney for Federal Defendant
                                    610 Federal Plaza, 5th Flr.
                                    Central Islip, New York 11722
                          By:    /s/ Mary M. Dickman
                                    Mary M. Dickman
                                    Assistant U.S. Attorney
                                    (631) 715-7863
                                    mary.dickman@usdoj.gov

SO ORDERED:

_____
A. KATHLEEN TOMLINSON, U.S.M.J.