

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

610 Federal Plaza
Central Islip, New York 11722

July 11, 2024

Honorable Steven I. Locke
United States Magistrate Judge
Eastern District of New York
820 Federal Plaza
Central Islip, New York 11722

        Re:    <u>Gary Zambito v. United States of America,</u> 18-cv-3612 (Locke, M.J.)

Dear Magistrate Judge Locke:

      This Office represents Defendant United States of America (the "United States" or the "Government") in this action. The Government respectfully submits this letter in response to the letter filed by counsel for Plaintiff earlier today (Docket Entry ("DE") 129), seeking an extension of the deadline to file a joint pre-trial order ("JPTO") and seeking to renew Plaintiff's previous motion for sanctions pursuant to Fed. R. Civ. P. 37 that the Court denied without prejudice. DE 124.

      The Government opposes Plaintiff's request for an extension. Plaintiff's counsel contends that an extension is necessary because of the additional records produced by the United States since the Court's April 11, 2024 conference (the "April 11 Conference"). However, the additional records produced by the Government since the April 11 Conference are Plaintiff's own medical records from 2023 and 2024. Further, the majority of records produced by the Government consist of Plaintiff's own medical records from the Department of Veteran's Affairs ("VA"), which Plaintiff and his counsel have already sought and obtained by their requests made directly to the VA. *See, e.g.,* Zambito-Electronic and Scanned Documents 5.8.24-000004 - 223 (various letters from the Department of Veterans Affairs addressed to Plaintiff and Plaintiff's counsel regarding the release of requested information). Indeed, Plaintiff produced many of these records to the Government as part of his Supplemental Rule 26(a) Disclosures on June 27, 2023, a disclosure that consisted of over 2800 pages of medical records in Plaintiff's possession. Plaintiff's further contention that additional time to prepare the JPTO is necessary because 4 videos were produced by the Government, is without merit. The videos, which the United States intends to potentially use for impeachment purposes were not previously disclosed in the initial draft JPTO directed to Judge Gonzales, because Judge Gonzales' individual rules do not require disclosure of impeachment evidence.

      To the extent Plaintiff also challenges the United States' disclosure of third-party medical records on April 10, 2024, these records are, again, Plaintiff's own medical records.[1] Further,

---

[1] The Government also challenges Plaintiff's contention that "only 1,256-pages of records were produced during discovery." <u>See</u> DE 129 at p. 2. The Government, for example, produced over

while Plaintiff complains about the United States' production since April 10, 2024, he fails to mention his own disclosure of a previously-undisclosed treating doctor well after the close of fact discovery, on the morning of the April 11 Conference, just shortly before the parties appeared before Your Honor. The document produced was dated August 23, 2023, and Plaintiff's counsel provided no explanation for why it was not produced earlier. The next day, on April 12, Plaintiff provided the United States with three new HIPAA compliant authorizations for medical records for third-party providers that had not previously been disclosed by Plaintiff, again well after the close of fact discovery.

Finally, Plaintiff complains that additional discovery may be necessary because the Government did not produce a privilege log for documents sent to Plaintiff on June 14, 2024. However, it is not clear how this has any bearing on an extension of time to submit the JPTO. The cover letter sent to Plaintiff's counsel on June 14, 2024 described the redactions as privileged due to the attorney-client privilege. As of today, the Government emailed Plaintiff's counsel a detailed privilege log that sets forth each recipient of an attorney-client privileged email and the date on which the email were sent.

For the same reasons that Plaintiff's motion for an extension should be denied, Plaintiff's effort to renew his motion for sanctions should be denied as well. Plaintiff's counsel fails to explain why the Government's production of records *already in Plaintiff's possession* merits sanctions, or why Plaintiff could not have previously provided his own medical records that he has either possessed, or has the same access to as the Government, to his own experts in order to prepare their expert reports.

In light of the fact that the records produced since the April 11 Conference are Plaintiff's own records, which were already in Plaintiff's possession, the Government respectfully submits that an extension for the filing for the JPTO is unnecessary. The Government is prepared to file its portion of the JPTO tomorrow. Alternatively, the Government is prepared to discuss this matter further with the Court at the conference currently scheduled for July 29, 2024.

The Government thanks the Court for its consideration of this submission.

Respectfully submitted,<br>
BREON PEACE<br>
United States Attorney<br>
By: /s/ Diane C. Leonardo<br>
Diane C. Leonardo<br>
Mary Dickman<br>
Marika Lyons<br>
Assistant United States Attorneys<br>
(631)-715-7854<br>
Diane.beckmann@usdoj.gov

cc:   Daniel Charles Perrone, III, *counsel for Plaintiff* (via ECF)

---

2500 pages of documents to Plaintiff's then-attorney and also produced over 2300 pages of documents directly to Plaintiff when he was proceeding *pro se*.