UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
GARY ZAMBITO,

                            Plaintiff,

- against -

THE UNITED STATES OF AMERICA,

                            Defendant.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3612(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this medical malpractice-Federal Tort Claims Act action are: (1) Defendant United States of America's ("Defendant" or the "Government") motion for reconsideration of a July 29, 2024 Order precluding the use of certain late-produced discovery at trial, *see* Docket Entry ("DE") [147]; (2) seven motions *in limine* filed by Plaintiff Gary Zambito ("Plaintiff" or "Zambito"), *see* DE [137]-[143]; and (3) three motions *in limine* filed by the Government, *see* DE [144]-[146]. Each motion is opposed. DE [137-1], [138-3], [139-3], [140-4], [141-1], [142-1], [143-2], [144-4], [145-3], [146-2], [147-3]. For the reasons set forth herein, the motion for reconsideration is denied, and the motions *in limine* are granted in part and denied in part as described below.

**I.    BACKGROUND**

Plaintiff alleges that, from approximately December 2015 through March 2017, he was under Defendant's medical care as a patient of government-run medical clinics administered by the United States Department of Veterans Affairs ("VA") related to certain signs, symptoms, conditions and complaints, including

1

supraventricular tachycardia and associated syncopal episodes.[1]  *See* Complaint ("Compl."), DE [1], ¶ 15.  Specifically, Plaintiff alleges that he was a patient at and/or under the care of four separate VA clinics:  (1) the Northport VA Medical Center, located at 79 Middleville Road, Northport, NY 11768; (2) the VA East Meadow Clinic, located at 2201 Hempstead Turnpike, East Meadow, NY 11554; (3) the VA Valley Stream Clinic, located at 99 Central Avenue, Valley Stream, NY 11580; and (4) the VA Bronx Clinic, located at 130 West Kingsbridge Road, Bronx, NY 10468 (collectively, the "VAMC").  *See* Compl. ¶¶ 6-17.  Zambito claims that each of these facilities is an agent of, and operated by, Defendant, and that the VA, acting as an agent of the Government, failed to properly diagnose, treat, and monitor his condition.  *Id.* at ¶¶ 18-20.  He asserts a single cause of action against the Government asserting claims for negligence and medical malpractice.  *Id.*

On August 30, 2024, the parties submitted a proposed Joint Pre-trial Order ("JPTO") identifying the exhibits they may seek to enter as evidence at trial.  DE [132].  More recently, Defendant also submitted a motion for reconsideration or clarification of a July 29, 2024 Minute Order precluding the parties from introducing as evidence discovery served after September 15, 2023.  In addition, Plaintiff has submitted seven motions *in limine* addressing exhibits identified in the JPTO and Defendant has submitted three motions *in limine*.

---

[1] The complete factual background is not presently at issue.  The facts provided are those relevant to the instant motions *in limine*.

## II. DISCUSSION

### A. **Defendant's Motion for Reconsideration**

On April 11, 2024, the Court ordered the parties to submit a proposed Pretrial Order by July 29, 2024. DE [128]. On July 11, 2024, Plaintiff filed a motion for an extension of time to submit the Pretrial Order on the grounds that Defendant produced a large volume of documents, medical records, and videos after the close of discovery in August 2023 and after Plaintiff had disclosed his expert reports in September 2023. DE [129]. Zambito argued that he would be prejudiced "since none of the experts Plaintiff disclosed had access to [this late-produced discovery] before their reports were disclosed in accordance with the court-ordered deadline." *Id.*

In a July 29, 2024 Order (the "July 29 Order"), following a hearing on Plaintiff's motion, the Court granted Plaintiff's motion in part and denied it in part. DE [131]. Relevant for purposes of the instant motion for reconsideration, the Court held that the parties would not be permitted to use documents produced after September 15, 2023 at trial as that would create a situation where Plaintiff's experts were not "operating from the entire universe of documents," through no fault of Zambito, and that "[i]t would not be fair to allow the parties to proceed to trial in this fashion without a corrective ruling." *Id.* As this would only further delay a seven-year-old case, the Court declined to reopen discovery. *Id.* The Court clarified, however, that documents generated after September 15, 2023 that were timely produced may be used at trial. *Id.* On November 1, 2024, Defendant filed the instant motion for

3

reconsideration of the July 29 Order, which Plaintiff opposes. DE [147]. The motion is denied as untimely and without merit.

Initially, the local rules of the Eastern District of New York state that "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Local Civ. R. 6.3. Defendant did not move for reconsideration of the July 29 Order until November 1, 2024. DE [147]. To that end, the Government did not raise the issue of possible reconsideration until a September 5, 2024 conference, well after the expiration of deadline set by the Court's local rules. *See* DE [133]. The untimeliness of Defendant's motion for reconsideration alone is a sufficient basis to deny the motion. *Harris v. City of New York*, No. 23-CV-6344(VSB), 2023 WL 7474419, at *2 (S.D.N.Y. Oct. 12, 2023) ("[T]he motion is untimely under Local Civil Rule 6.3 and is denied on that basis."); *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254(JFK), 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009) ("Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration.").[2]

Moreover, the motion for reconsideration is meritless. Although Fed. R. Civ. P. 60 allows a court to modify an order within a year of entry of the order, *see* Fed. R. Civ. P. 60(b), (c)(1), a party seeking reconsideration under the Federal Rules must "point to controlling decisions or data that the court overlooked . . . that might

---

[2] The Court notes that the Government has repeatedly delayed this case due to its inability to meet deadlines. *See* Electronic Order dated February 14, 2024, DE [114], [124], [128], [131] (all noting the Government's delays in producing discovery). It is particularly concerning that, here, the Government seeks reconsideration of an Order issued because of an untimely document production by filing an untimely motion.

4

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A party may not use a motion for reconsideration to 'relitigate an issue already decided' by advancing novel arguments that could have been raised previously." *Hadid v. City of New York*, 182 F. Supp. 3d 4, 13 (E.D.N.Y. 2016) (quoting *Shrader*, 70 F.3d at 257). "The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Standard Life Ins. Co.*, No. 08-CV-3603(DRH)(WDW), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010).

Defendant fails to identify any facts or law that the Court overlooked in precluding evidence produced after September 15, 2023. Instead, the Government argues that it was not given an opportunity to brief the issues relevant to the July 29 Order, and that the Court was therefore unable to review the decisions and information which warrant admission of the third-party records. DE [147] at 2. This is incorrect, as the parties had the opportunity to present argument and their complete position at the July 29, 2024 hearing. DE [131]. The parties were advised that the hearing would address issues raised in Plaintiff's letter that prompted the hearing, including the issues leading to the preclusion of the evidence now at issue. *See* Electronic Order dated July 12, 2024. At a further conference on September 5, 2024, the Court observed that the deadline to make a motion for reconsideration had lapsed, but stated that Defendant could make a motion subject to Plaintiff's objections, including objections on procedural grounds. *See* Sept. 5, 2024 Hearing Transcript ("Sept. 5 Tr."), DE [136], at 11:1-9. As Defendant has not identified any

5

facts or law that the Court overlooked, the motion for reconsideration is denied on this alternate basis as well. *See Am. Empire Surplus Lines Ins. Co. v. Ventura*, No. 21-CV-2177(FB)(JRC), 2023 WL 4420236, at *2 (E.D.N.Y. July 10, 2023) (denying motion for reconsideration where the plaintiff "failed to identify overlooked issues of law or fact that could have changed the outcome" of the order at issue); *Klein v. Brookhaven Health Care Facility*, No. 17-CV-4841(JS)(ARL), 2022 WL 19567887, at *2 (E.D.N.Y. Apr. 12, 2022) (denying motion for reconsideration where the plaintiff failed to raise arguments other than what the court had already considered). As stated at the July 29, 2024 hearing, it would be inequitable to allow Defendant to rely on evidence that Plaintiff and his experts did not have the opportunity to review or consider prior to issuing their expert reports.

Accordingly, and as stated in the July 29 Order, at trial, the parties may only rely upon documents exchanged prior to September 15, 2023. The two exceptions, both of which have been explained to the parties, are that: (1) the parties may rely upon admissible documents generated after September 15, 2023 that were disclosed in a timely manner; and (2) documents served after September 15, 2023 may be relied upon for impeachment purposes.

### B.  Motions *in Limine*

#### 1.  Legal Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon N.Y., Inc.*, No. 11-CV-3758(KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June

6

25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 443, 462 (1984)). In a bench trial, the preference is for the admissibility of evidence. *United States v. Am. Exp. Co.*, No. 10-CV-4496(NGG)(RER), 2014 WL 2879811, at *8 (E.D.N.Y. June 24, 2014); *see Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ. 3796(PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) ("While standards for admissible evidence are not out the window entirely in a bench trial, all doubts at a bench trial should be resolved in favor of admissibility.") (internal quotation omitted). In considering a motion *in limine*, a court "may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Gogol v. City of New York*, No. 15 Civ. 5703(ER), 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018).

        2.    Plaintiff's Motion *in Limine* #1

In Plaintiff's motion *in limine* #1, Zambito seeks to preclude documents and court decisions filed in prior lawsuits in which he was a party. DE [137]. Specifically, Plaintiff seeks to preclude Defendant's Exhibits Y, AA, BB, and CC identified in the JPTO. *Id.* Zambito argues that these exhibits are irrelevant under Fed. R. Evid. 401, more prejudicial than probative under Fed. R. Evid. 403, and inadmissible character evidence under Fed. R. Evid. 404. *Id.* Defendant counters that the fact that Plaintiff filed allegedly fraudulent or meritless lawsuits is relevant to establish Zambito's truthfulness. DE [137-1] at 2. Although Defendant's argument regarding the relevance and admissibility of these exhibits is not particularly persuasive, because they will not be presented to a jury, the Court will defer ruling on their admissibility

7

until trial. *See Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-4762(LTS)(JW), 2024 WL 4987018, at *7 (S.D.N.Y. Dec. 4, 2024) (reserving decision regarding prior litigations until trial to allow for appropriate context); *Gogol*, 2018 WL 4616047, at *1-2 (reserving decision on motion *in limine* in bench trial until the trial).

### 3. Plaintiff's Motion *in Limine* #2

In Plaintiff's motion *in limine* #2, Zambito seeks to preclude expert opinion testimony related to "Holter monitoring" that occurred in January 2016 and concluded that supraventricular tachycardia "'was most likely incidental' and not the cause of syncope."[3]  DE [138].  He argues that any such testimony or evidence is inadmissible because the Government did not produce the underlying data that formed the basis of the expert's opinion.[4]  *Id.*  In opposition, relying upon credible affidavit testimony from the VA's Director of Noninvasive Cardiology, Paul Diggs, Defendant disputes that it ever possessed the underlying data that Plaintiff seeks or that it was required by law to maintain any such records.  DE [138-4] at ¶¶ 8-15. Diggs explains that Plaintiff wore a device that collected data from his heart, which was sent to a third party.  *Id.*  The third party analyzed the data and sent a summary report to the VA.  *Id.*  Accordingly, Defendant did not possess the underlying data.

---

[3] The specific medical issues or exact nature of the procedures at issue are not relevant here and are not described at length.

[4] Although not stated by Plaintiff, the Court interprets this to relate to Plaintiff's Exhibit K of the JPTO, which is listed as "ZIO XT Patch Report for Gary Zambito for Enrollment Period From 1/6/16 to 1/20/16."  *See* JPTO at 16.

8

At trial, the parties will have the opportunity to question the relevant individuals about the collection, provision, and retention of data, and what, if anything, the data establishes. Therefore, there is no basis to preclude the expert testimony. *See Gill v. JUS Broadcasting Corp.*, No. 19-CV-4216(DLI)(PK), 2024 WL 4107251, at *4 (E.D.N.Y. Sept. 6, 2024) (holding that, in a bench trial, a dispute regarding underlying data of an expert's opinion did not warrant precluding the expert's analysis). Accordingly, Plaintiff's motion *in limine* #2 is denied.[5]

### 4. Plaintiff's Motion *in Limine* #3

In Plaintiff's motion *in limine* #3, Zambito seeks to preclude expert testimony or opinion from Defendant's expert, Dr. Stanley Schaller, M.D. DE [139]. Plaintiff argues that Dr. Schaller's expert opinion is inadmissible because it relies on evidence precluded by the July 29 Order. DE [139]. Zambito identifies 6 sets of medical records that Defendant produced after September 15, 2023 that were unavailable to Plaintiff's experts when they formed their opinions. *Id.* He asserts that Defendant is seeking a "backdoor" to admit inadmissible evidence. *Id.* In opposition, Defendant again argues that the July 29 Order should be reconsidered and that Dr. Schaller's expert report should therefore be admitted in its entirety. DE [139-3]. The Government further argues that the expert report should not be excluded because "Courts have declined to exclude expert reports based on undisclosed records,

---

[5] In DE [149], Plaintiff moves to strike DE [148], which Zambito characterizes as an "unauthorized sur-reply" to his motion *in limine* #2. Although the sur-reply filed at DE [148] violates the Court's Individual Rules, Plaintiff's motion is denied as moot, as the sur-reply has no bearing on the Court's decision with respect to Plaintiff's motion *in limine* #2. Plaintiff may examine Defendant's witnesses at trial regarding expert opinions and the evidence and data relied upon in forming any such opinions.

9

particularly where, as here, a Plaintiff could have obtained those records himself" and the third-party evidence at issue is reliable. *Id.* at 2-3.

Federal Rule of Civil Procedure 37(c) provides that a party who fails to disclose information required by Rule 26(a) "is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). While not mandatory, a "district court has wide discretion to impose sanctions" under Rule 37, and whether to preclude the testimony at issue falls within that discretion. *Porter v. Home Depot U.S.A., Inc.*, No. 12-CV-4595(NGG)(CLP), 2015 WL 128017, at *5-6 (E.D.N.Y. Jan. 8, 2015) (quoting *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006)); *see Hein v. Cuprum, S.A., De C.V.*, 53 F. App'x 134, 136 (2d Cir. 2002) ("The imposition of sanctions for abuse of discovery under [Rule] 37 is a matter within the discretion of the trial court."). In deciding whether to exclude testimony under Rule 37(c)(1), the Court considers "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original).

Applying these standards, precluding Dr. Schaller's report and expert opinion is an appropriate sanction and Plaintiff's motion *in limine* #3 is therefore granted. Initially, to the extent the Government argues that the untimely third-party records should not be precluded, *see* DE [139-3] at 1-2, the Court has already addressed that

issue with respect to the motion for reconsideration and rejects that argument. To this end, Defendant fails to offer any plausible explanation for its delay in producing the records or why its expert should be permitted to rely upon them when Plaintiff's experts could not.  To allow Defendant's expert to rely on untimely produced evidence contravenes the July 29 Order, as the Court observed that it would be unfair to require that Plaintiff's experts rely upon an incomplete set of data. *Simon v. City of New York*, No. 14-CV-8391(JMF), 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017) (precluding testimony of an expert witness where the plaintiff failed to comply with Rule 26 disclosure requirements and provided no justification for their failure). Defendant's argument that "Plaintiff would not be prejudiced by the use of the Third-Party Records at trial because the records are Plaintiff's own records," *id.*, is unavailing, as Plaintiff retained experts who formulated expert opinions based upon incomplete information, and Zambito and his experts were not put on notice that Defendant's experts would be relying on these records. *Williams v. Bethel Springvale Nursing Home, Inc.*, No. 14-CV-9383(NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) ("[U]ntimely disclosures rob opposing counsel of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence to use for trial.").

Moreover, although Fed. R. Evid. 703 allows a party to present an expert opinion that relies upon underlying facts or evidence that would otherwise be inadmissible under the Federal Rules of Evidence, this is not the situation before the Court.  The underlying information and Dr. Schaller's expert report and opinion are

11

precluded as a sanction for Defendant's failure to timely disclose the underlying records to the prejudice of Plaintiff, a ruling within the Court's discretion. *Williams*, 2018 WL 1662644, at *5 (granting motion to preclude witness testimony as a sanction). To allow Defendant to submit expert testimony that relies upon the complete universe of facts while Plaintiff's experts were not provided the same information prior to the formation of his experts' opinions would be inequitable and prejudicial. *Id.* Finally, as this case has been pending since 2018, the Court declines to prolong it further by reopening expert discovery and compelling Zambito to incur further expert expense associated with permitting him to serve an amended expert report. *Patterson*, 440 F.3d at 104; *Williams*, 2018 WL 1662644, at *5 (holding that witness preclusion was appropriate to avoid further delay in "a case that ha[d] been pending for nearly four years"). Accordingly, Plaintiff's motion *in limine* #3 is granted.

### 5. Plaintiff's Motion *in Limine* #4

Plaintiff's motion *in limine* #4 relates to Exhibit PX20 and is more akin to a motion for reconsideration than a motion *in limine* as it seeks to **permit** testimony and admission of a February 8, 2020 letter authored by Dr. Rosemarie Gambetta, MD (the "February 8 Letter"). DE [140]. In a March 29, 2022 Order (the "March 29 Order"), the Court held that Gambetta may not serve as Plaintiff's expert as she is a current employee of the VA. DE [87]. In this motion, Plaintiff seeks to permit introduction of, and testimony concerning, the February 8 Letter. *Id.* He argues that the March 29 Order "was forward looking" and did not consider whether prior medical

12

opinions are subject to any evidentiary privilege. *Id.* In opposition, Defendant argues that the Court has previously addressed this issue and that there has been no change in facts or controlling law. DE [140-4]. The Court agrees with the Government.

As discussed above with respect to Defendant's motion for reconsideration, the motion to reconsider the March 29 Order is untimely under both Local Rule 6.3 and Fed. R. Civ. P. 60(c)(1). Moreover, Plaintiff fails to identify facts or law that the Court overlooked in holding that Dr. Gambetta may not serve as an expert for Plaintiff. *Am. Empire Surplus Lines Ins. Co.*, 2023 WL 4420236, at *2; *Klein*, 2022 WL 19567887, at *2. Accordingly, Plaintiff's motion *in limine* #4 is denied.

    6.  Plaintiff's Motion *in Limine* #5

In Zambito's motion *in limine* #5, he seeks to preclude Exhibit X, which includes the Verified Complaint and Verified Bill of Particulars filed in *Zambito v. Shepp*, Index No. 532897/2022 (Sup. Ct. Kings Cty.) (the "*Shepp* Action"). DE [141]. This is an unrelated motor vehicle accident case. *Id.* Plaintiff argues that the court filings at issue are not relevant, that they were not produced during discovery in this action, and that they violate Fed. R. Evid. 1002's best evidence rule. *Id.* Defendant counters that it intends to rely on the documents from the *Shepp* Action to question Plaintiff about new injuries caused by the alleged malpractice in this action, to question Plaintiff's designated expert in physical medicine, and, to the extent necessary, for impeachment purposes. DE [141-1]. Although the relevance of the documents at issue is not readily apparent, Plaintiff is aware of their existence and the Court held with respect to the motion for reconsideration that materials produced

after September 15, 2023 may be used for impeachment purposes. Accordingly, the Court reserves ruling on Plaintiff's motion *in limine* #5 so that it may be placed in its appropriate context at trial. *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 561 (E.D.N.Y. 2011) (deferring ruling on motion *in limine* until trial where evidence may have been used for impeachment purposes).

7.   Plaintiff's Motion *in Limine* #6

In Plaintiff's motion *in limine* #6, he seeks to preclude a complaint and conditional transfer order in *Ates v. 3M Company*, No. 23-CV-1743, a case pending in the Northern District of Alabama. DE [142]. This relates to Exhibit DD in the JPTO. Zambito argues that this evidence is irrelevant under Fed. R. Evid. 401 and 402, more prejudicial than probative under Fed. R. Evid. 403, and inadmissible character evidence under Fed. R. Evid. 404. *Id.* The Government opposes on the grounds that it intends to rely upon these documents for impeachment purposes to the extent they demonstrate inconsistencies in Plaintiff's deposition testimony. DE [142-1]. As the documents at issue are public records and expected to be used for impeachment purposes, the Court again reserves ruling on motion *in limine* #6 until trial so that they may be considered in context. *See Kozak v. Liberty Maritime Corp.*, 729 F. Supp. 3d 277, 289 (E.D.N.Y. 2024) ("Because Defendants intend to produce [the exhibit] for impeachment purposes only, the Court reserves decision on Plaintiff's motion to preclude [the exhibit].").

14

8. <u>Plaintiff's Motion *in Limine* #7</u>

In Plaintiff's motion *in limine* #7, Zambito seeks to preclude certain documents and other materials that were created, but not exchanged, prior to September 15, 2023. DE [143]. Specifically, this relates to Defendant's Exhibits N, X, Z, BB, CC, and EE in the JPTO. *Id.* These exhibits include the following:

| JPTO Exhibit | Description | Date Created | Date Produced |
|---|---|---|---|
| N | VA disability records | Prior to September 15, 2023 | December 1, 2024 |
| X | Summons and Complaint in *Zambito v. Shepp* | November 9, 2022 | Never |
| Z | Metro Physical Therapy Records | March 8, 2018 | April 10, 2024 |
| BB | Documents from *Zambito v. Long Island Jewish Medical* | September 11, 2015 through November 25, 2019 | Never |
| CC | Decision in grievance action | Unspecified date in 2020 | Never |
| EE | 4 videos of Plaintiff | June 10, 2019 | July 10, 2024 |

The Court has addressed certain of the documents in the motions above, and the Government argues that it intends to use these documents, if at all, for impeachment purposes. DE [143-2]. Consistent with the ruling on Defendant's motion for reconsideration, these late-produced documents may only be used for impeachment, and the Court will defer ruling on motion *in limine* #7 to allow the exhibits at issue to be presented in context at trial. *See Kozak*, 729 F. Supp. 3d at 289 ("Because Defendants intend to produce Defense Exhibit 9 for impeachment purposes only, the Court reserves decision . . . .").

15

9. Defendant's Motion *in Limine* #1

In Defendant's motion *in limine* #1, the Government seeks preclusion of a May 12, 2016 letter from the VA. DE [144]. This relates to Plaintiff's Exhibit PX9. *Id.* Defendant argues that the letter at issue is not properly authenticated, and that it is typed in a different typeface and size from the label/letterhead. *Id.* Defendant further disputes the letter's authenticity by arguing that a VA representative confirmed that it was not generated by any medical professionals or staff at VAMC-Northport. *Id.* Plaintiff responds that Defendant did not identify the VA representative disputing authenticity in its Rule 26 disclosures and that the representative does not have knowledge of who created the document. DE [144-2]. Plaintiff concedes that the authenticity may be addressed at trial. *Id.*

As the parties' written submissions fail to establish or disprove the authenticity of the May 12, 2016 letter, Defendant's motion *in limine* #1 is denied without prejudice and with leave for the parties to address its authenticity at trial and provide proper context for its relevance. *See Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 219 (S.D.N.Y. 2021) (reserving ruling on admissibility of evidence until trial so that the court could properly evaluate authenticity).

10. Defendant's Motion *in Limine* #2

Defendant's motion *in limine* #2 is essentially an opposition to Plaintiff's motion seeking to introduce an unredacted February 8, 2020 letter from Rosemarie Gambetta, M.D. DE [146]. For the reasons that Plaintiff's motion *in limine* #4 is denied, as discussed above, Defendant's motion *in limine* #2 is granted.

16

11.   Defendant's Motion *in Limine* #3

In Defendant's motion *in limine* #3, the Government seeks to preclude the expert testimony of Dr. William Haas, Psy. D. at trial. DE [146]. Defendant argues that: (1) Zambito's administrative claim did not allege damages for depression or loss of enjoyment, and therefore did not provide sufficient notice of Dr. Haas's opinion; and (2) Dr. Haas's opinion does not meet the *Daubert* standard of reliability. *Id.* Plaintiff asserts that he did include psychological and emotional damages in his administrative claim, including that his Form SF-95 stated that he suffered from "fear and anxiety" and "emotional upset." DE [146-2].

Plaintiff's administrative charge does reference potential emotional distress damages including that he "continued to needlessly suffer from fear and anxiety" related to the alleged deficient medical care. DE [146-1] at 4. Moreover, the Government will have the opportunity at trial to question Dr. Haas regarding the basis of his opinion, including what materials he reviewed. *See Int'l Cards Co., Ltd. v. MasterCard Int'l Inc.*, No. 13-CV-2576(LGS)(SN), 2017 WL 11890803, at *2 (S.D.N.Y. Mar. 9, 2017) (denying motion *in limine* where the defendant would have "a full opportunity to cross-examine" the plaintiff's witnesses); *Sherman St. Assocs., LLC v. JTH Tax, Inc.*, 03-CV-1875(CFD), 2010 WL 4340444, at *2 (D. Conn. Oct. 25, 2010) ("[Defendant] will have the opportunity to vigorously cross-examine [the witnesses] . . . . At trial, it may very well be revealed that their [testimony is] unreliable and unsupported. If so, that will affect the weight of their . . . testimony,

17

but it does not affect its admissibility under Rule 701."). Therefore, Defendant's motion *in limine* #3 is denied.

### III. CONCLUSION

For the reasons set forth herein:

- Defendant's motion for reconsideration, DE [147], is denied;

- The Court reserves decision on Plaintiff's motion *in limine* #1, DE [137], until trial;

- Plaintiff's motion *in limine* #2, DE [138], is denied;

- Plaintiff's motion *in limine* #3, DE [139], is granted;

- Plaintiff's motion *in limine* #4, DE [140], is denied;

- The Court reserves decision on Plaintiff's motion *in limine* #5, DE [141], until trial;

- The Court reserves decision on Plaintiff's motion *in limine* #6, DE [142], until trial;

- The Court reserves decision on Plaintiff's motion *in limine* #7, DE [143], until trial;

- Defendant's motion *in limine* #1, DE [144], is denied without prejudice and with leave to question the authenticity of Plaintiff's Exhibit PX9 at trial;

- Defendant's motion *in limine* #2, DE [145], is denied;

- Defendant's motion *in limine* #3, DE [146], is denied; and

- Plaintiff's motion to strike Defendant's sur-reply related to Plaintiff's motion *in limine* #2, DE [149], addressed in Footnote 5, is denied.

A final Pretrial Conference is scheduled for April 9, 2025 at 11:30 a.m. in Courtroom 820 of the Central Islip courthouse, at which time the Court will set a trial schedule and address any outstanding pretrial matters.

Dated: Central Islip, New York  **SO ORDERED.**
March 11, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge