UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY ZAMBITO,

                        Plaintiff,

- against -

THE UNITED STATES OF AMERICA,

                        Defendant.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3612(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      On March 11, 2025, the Court issued a Memorandum and Order ruling on several pre-trial motions submitted by both parties (the "Pretrial Motion Order"). *See* Docket Entry ("DE") [150]. This included: (1) Plaintiff Gary Zambito's ("Plaintiff" or "Zambito") seven motions *in limine*; (2) Defendant The United States of America's ("Defendant" or the "Government") three motions *in limine*; and (3) Defendant's motion for reconsideration of this Court's July 29, 2024 Order (the "July 29 Order") precluding certain late-produced evidence from being presented at trial. *Id.* Defendant seeks reconsideration of the Court's ruling regarding Plaintiff's motion *in limine* No. 3 ("MIL No. 3"), which precludes testimony from Dr. Stanley Schneller, M.D. at trial or introduction of Dr. Schneller's expert report. DE [150] at 9-12. The Government also seeks leave to file a declaration in support of its motion for reconsideration. DE [152]. Plaintiff opposes both motions. *See* DE [153], [154]. Both motions are denied.

1

I.    **Background**[1]

In the July 29 Order, the Court held that Defendant is precluded from relying at trial on certain discovery produced after September 15, 2023. *See* DE [131]. The Court held that, due to Defendant's untimely Fed. R. Civ. P. 26 disclosures, Plaintiff's experts incorrectly believed, through no fault of their own, that "they were operating from the entire universe of documents" when producing their September 15, 2023 expert reports. *Id.* The Court observed that it "would not be fair to allow the parties to proceed to trial" under this erroneous belief and that Plaintiff would be prejudiced both by "further delaying a seven year-old case" and by incurring further expense to have his expert create an amended report based on newly and untimely produced discovery. *Id.*

On October 24, 2024, the parties submitted their motions *in limine*. DE [137] – [146]. Relevant here, in Plaintiff's MIL No. 3, Zambito moved to preclude testimony from Dr. Schneller at trial on the grounds that, in forming his expert opinion, Dr. Schneller relied on evidence produced after September 15, 2023 in contravention of the Court's July 29 Order. DE [139]. The Court agreed and reiterated that "it would be inequitable to allow Defendant to rely on evidence that Plaintiff and his experts did not have the opportunity to review or consider prior to issuing their expert reports." *See* Pretrial Motion Order at 6. Accordingly, and as stated in the July 29

---

[1] The facts that form the basis of Zambito's claims, as well as the procedural posture resulting in the instant motion for reconsideration, have been described at length in previous filings, and the Court presumes the parties' familiarity. *See* DE [114], [131], [150]. Only those facts necessary to provide relevant context for the instant motion for reconsideration are described herein.

Order, the Court again held that preclusion was an appropriate sanction. *See generally* July 29 Order; Pretrial Motion Order at 10-11.

In conjunction with its motions *in limine*, on November 1, 2024, Defendant also filed a motion for reconsideration of the July 29 Order. DE [147]. For the reasons stated in the Pretrial Motion Order, the Court denied the Government's motion for reconsideration as untimely and meritless. DE [150] at 3-6. In the instant motion, Defendant seeks reconsideration of the portion of the Pretrial Motion Order that granted Zambito's MIL No. 3, which precludes expert testimony from Dr. Schneller and consideration of Dr. Schneller's expert report. DE [151].

## II.   Legal Standard

Local Civil Rule 6.3 governs motions for reconsideration. *Flores v. Cnty. of Suffolk*, No. 16-CV-2502(ADS)(ARL), 2019 WL 1298274, at *1 (E.D.N.Y. Mar. 21, 2019). In evaluating a motion for reconsideration, courts consider whether there: (1) has been "an intervening change of controlling law;" (2) is new evidence presented that was not previously available on the original motion; or (3) is a "need to correct a clear error or prevent manifest injustice." *Bishop v. Cnty. of Suffolk*, No. 13-CV-446(JS)(AKT), 2018 WL 4623016, at *1 (E.D.N.Y. Sept. 25, 2018) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter

3

the conclusion reached by the court."). Pursuant to Local Rule 6.3, "[n]o party is to file an affidavit unless directed by the court."

"[A] party may not use a motion for reconsideration to 'relitigate an issue already decided' by advancing novel arguments that could have been raised previously." *Hadid v. City of New York*, 182 F. Supp. 3d 4, 13 (E.D.N.Y. 2016) (quoting *Shrader*, 70 F.3d at 257). "Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Bishop*, 2018 WL 4623016, at *2 (quoting *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017)). "The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Standard Life Ins. Co.*, No. 08-CV-3603(DRH)(WDW), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010); *see Bishop*, 2018 WL 4623016, at *2 ("It is within the sound discretion of the district court whether or not to grant a motion for reconsideration.").

### III. Discussion

Applying these standards, Defendant's motion for reconsideration is denied. Initially, while the instant motion is styled as a motion for reconsideration of the ruling on Plaintiff's MIL No. 3, it effectively seeks a second bite at the apple with respect to Defendant's motion for reconsideration of the July 29 Order. In its opposition to Plaintiff's MIL No. 3, Defendant argued that the Court should reconsider its July 29 Order, even though it had previously moved for identical relief. DE [131], [147]. Accordingly, this is an impermissible attempt to relitigate an issue

4

that has already been decided.  *See Rivas v. Melecio*, No. 23-CV-05718(JMA), 2024 WL 1096065, at \*1 (E.D.N.Y. Feb. 21, 2024) ("[A] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.") (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *Klein v. Brookhaven Health Care Facility*, No. 17-CV-4841(JS)(ARL), 2022 WL 19567887, at \*2 (E.D.N.Y. Apr. 12, 2022) (denying motion for reconsideration where the plaintiff failed to raise arguments other than what the court had already considered).

In any event, Defendant does not identify any controlling law that the Court failed to consider.  To this end, in its reply in support of its motion, the Government does not address Plaintiff's argument that the Court did not fail to consider any controlling law.  *See* Memorandum of Law in Opposition to Defendant's Motion for Reconsideration ("Pl.'s Opp'n"), DE [153], at 3.  Accordingly, even had the Government identified controlling law that the Court failed to consider, any such argument has been abandoned.  *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 351 n.1 (S.D.N.Y. 2024) (deeming argument abandoned where not addressed in reply brief); *Doe v. Indyke*, 465 F. Supp. 3d 452, 467 (S.D.N.Y. 2020) ("Defendants do not respond to this argument in reply, and the Court deems them to have abandoned the argument.").

The Government also fails to identify any facts that the Court did not consider in granting Plaintiff's MIL No. 3.  Defendant concedes that Dr. Schneller's expert report relies on documents that had not been produced to Plaintiff prior to September

5

15, 2023. *See* Defendant's Memorandum of Law in Support of Motion for Reconsideration ("Def.'s Mem."), DE [151-1], at 4, 7-8.  Although the Government attempts to minimize the number of documents that it failed to produce, *id.* at 7-8, it neither raised any such argument in opposition to Plaintiff's MIL No. 3 nor disputed its obligation to have produced the medical records at issue.  Instead, in opposition to MIL No. 3, Defendant argued that the third-party records upon which Dr. Schneller based his expert opinion are admissible and reliable.  DE [139] at 2-3.  This is not the relevant inquiry, however, as preclusion of Dr. Schneller's report was not an issue of admissibility or reliability, and instead was a sanction for Defendant's failure to make timely disclosures resulting in Plaintiff's expert formulating an opinion based on incomplete information.  *See* Pretrial Motion Order at 9-12 (holding that Defendant's untimely production, as well as the resulting prejudice to Plaintiff, formed the basis of the Court's sanction of precluding Dr. Schneller's testimony and expert report).

To this end, Dr. Schneller's report states that he reviewed certain materials and records that were neither produced nor subsequently addressed further in his expert report.  DE [139-2].  It is therefore impossible to discern how these records may have influenced Dr. Schneller's opinions or, had they been properly disclosed, how they may have impacted Plaintiff's expert's opinion.  Defendant possessed these records, neither produced them nor informed Plaintiff that the Government's expert would be relying on them, and allowed it's expert to formulate a report based, at least in part, on these unproduced records.  As Defendant's own motion establishes that it possessed all facts that it now seeks to introduce in support of its motion for

6

reconsideration, the Government fails to identify facts that were previously unavailable as required to prevail on a motion for reconsideration. *See Columbo v. Philips Bryant Park LLC*, No. 22-CV-775(RA), 2024 WL 3227090, at *1 (S.D.N.Y. June 28, 2024) ("[T]o prevail on a motion for reconsideration based on the availability of new evidence, 'the movant must present evidence that is truly newly discovered or could not have been found by due diligence.'") (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)); *Am. Empire Surplus Lines Ins. Co. v. Ventura*, No. 21-CV-2177(FB)(JRC), 2023 WL 4420236, at *2 (E.D.N.Y. July 10, 2023) (denying motion for reconsideration where the plaintiff "failed to identify overlooked issues of law or fact that could have changed the outcome" of the order at issue); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("A party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court.") (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The Court considered the applicable law and available facts and exercised its discretion in imposing the sanction of preclusion. *See Hein v. Cuprum, S.A., De C.V.*, 53 F. App'x 134, 136 (2d Cir. 2002) ("The imposition of sanctions for abuse of discovery . . . is a matter within the discretion of the trial court."); *Williams v. Bethel Springvale Nursing Home, Inc.*, No. 14-CV-9383(NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) ("[U]ntimely disclosures rob opposing counsel of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence to use for trial.").

Having offered no change in the controlling law or newly discovered facts, Defendant argues that "[p]recluding Dr. Schneller's testimony would only hinder the fact-finding mission of the Court." DE [151] at 11. The Court recognizes that preclusion of expert testimony is a significant sanction. Nevertheless, as described in prior Orders, Defendant's failure to make timely disclosures is sufficiently prejudicial to Plaintiff to warrant this relief. *See* Electronic Order dated July 29, 2024, DE [150] at 9-12. Accordingly, the Government's motion for reconsideration is denied. *See Williams*, 2018 WL 1662644, at *5 (granting motion to preclude witness testimony as a sanction); *Simon v. City of New York*, No. 14-CV-8391(JMF), 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017) (acknowledging that preclusion is a harsh sanction, but holding that preclusion of expert testimony was appropriate based on untimely disclosure).

Finally, Defendant seeks to file an affidavit demonstrating the records that had been received prior to March 2024. DE [152]. Local Civil Rule 6.3 provides that "[n]o party is to file an affidavit [in support of a motion for reconsideration] unless directed by the court." Local Civ. R. 6.3; *see Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921(DAB), 2013 WL 6670586, at *1 (S.D.N.Y. Oct. 16, 2013) ("Local Rule 6.3 does not afford a losing party the right to submit any affidavits or new evidence."). To this end, "the court '[should] not consider facts not in the record to be facts that the court overlooked.'" *Christians of Cal., Inc. v. Clive Christian New York, LLP*, No. 13 Civ. 275(KBF)(JCF), 2014 WL 3605526, at *2 (S.D.N.Y. July 18, 2014) (quoting *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir.

8

2008)). Defendant does not plausibly argue that the Court failed to consider any law or facts, and its motion for leave to file a declaration does not alter this determination. Having concluded that Defendant fails to identify any law or fact that the Court overlooked or otherwise failed to consider, the motion for leave file a declaration is denied.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's motion for reconsideration, DE [151], and motion for leave to submit a declaration and exhibits in support of its motion for reconsideration, DE [152], are both denied.

**A bench trial is scheduled to begin on August 11, 2025 at 10:00 a.m. in Courtroom 820 of the Central Islip courthouse.** The parties are advised to review the Court's Individual Rules of Practice regarding required pre-trial filings.

Dated:     Central Islip, New York          **SO ORDERED**
           June 11, 2025

                                            /s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge

9